IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | | |
|---|---|---|---|
| WESLEY JOHNSON, | * | | |
| Plaintiff, | * | | |
| vs. | * | CASE NO. 4:08-CV-172-CDL-GMF | |
| | | 42 U.S.C. § 1983 | |
| RALPH JOHNSON, Sheriff, *et al.*, | * | | |
| Defendants. | | | |

## ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND RECOMMENDATION OF DISMISSAL

Plaintiff, Wesley Johnson, presently an inmate in the Muscogee County Detention Center, in Columbus, Georgia, has filed the above styled §1983 action seeking damages in the amount of $50,000, for pain and suffering. In addition, Plaintiff seeks to proceed *in forma pauperis*. It appears that Plaintiff is unable to pay the cost to commence this action. Therefore, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

Plaintiff must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In accordance with the Prison Litigation Reform Act (PLRA), the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk

of this court twenty percent (20%) of his prison account until the $350.00 filing fee is paid in full, provided the amount in the account exceeds $10.00.

The court substitutes the newly elected Sheriff of Muscogee County, John Barr, as a party.

## Preliminary Review

Plaintiff's above styled Complaint filed under 42 U. S. C. § 1983 is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act as codified at 28 U.S.C. § 1915A(a) & (b), to wit:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Pursuant to 28 U. S. C. § 1915(e)(2), the court is required to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989).

Title 42 of the United States Code, Section 1983, reads, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Furthermore, the United States Supreme Court has held that to state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and 2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729 (1978).

**Plaintiff's Statement of Claim**

Plaintiff was previously convicted of aggravated child molestation. After completing his sentence, Plaintiff was again incarcerated for failing to register as a sex offender and is currently serving time for that offense. In his petition, Plaintiff appears to claim damages for pain and suffering resulting from having to register as a sex offender. (R-1).

Nowhere in Plaintiff's complaint does he specify what constitutional rights have been violated, nor does he specify which individuals violated said rights. Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and

constitutional rights. *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996) (citations omitted). In this case, it appears that Plaintiff has failed to state a claim for deprivation of either federal statutory or constitutional rights.

Moreover, Plaintiff has failed to state a claim upon which relief may be granted as he has alleged no physical injury resulting from his allegations. The PLRA provides at 42 U.S.C. § 1997e (e):

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

The Eleventh Circuit Court of Appeals has held in an *en banc* decision that the physical injury requirement even applies to claims of a constitutional nature and must be more than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 2000). In this case, Plaintiff has made no allegation of physical injury and the factual allegations do not indicate any physical injury.

WHEREFORE, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be **DISMISSED** as frivolous and failing to state a claim upon which relief may be granted. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 3rd day of February, 2009.

                                                  S/G. MALLON FAIRCLOTH
                                                  UNITED STATES MAGISTRATE JUDGE

lml